UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICROMAT CO., INC. and ERWIN EIBERT,

                          **Plaintiffs,**

        vs.                                        **1:10-cv-508**
                                                   **(MAD/RFT)**

CATSKILL MOUNTAIN BREWING CO., INC.,
RICHARD RAUCH, HARRY RHULEN and JOHN
BORWICK,

                          **Defendants.**
_____

APPEARANCES:                          OF COUNSEL:

**WEINBERG & GERONTIANOS**            **DAN L. JOHNSTON, ESQ.**
116 West 23rd Street, #500
New York, New York 10011
Attorneys for plaintiffs

**BLATCHLY & SIMONSON, P.C.**          **BRUCE D. BLATCHLY, ESQ.**
P.O. Box 280
3 Academy Street
New Paltz, New York 12561
Attorneys for defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On April 29, 2010, plaintiffs filed this breach of contract action. Currently before the

Court is defendants' motion to dismiss[1] or, in the alternative, for summary judgment.

## II. BACKGROUND

_____

[1] Although defendants moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure for a motion to dismiss, their motion is actually one for judgment on the pleadings
because the "pleadings are closed." Fed. R. Civ. P. 12(c).

Plaintiff Micromat Company ("Micromat") is a New Jersey corporation and plaintiff Erwin Eibert is a New Jersey resident. *See* Dkt. No. 1 at ¶ 1. Plaintiff Micromat is the successor in interest of the Pub Brewing Company, a New Jersey corporation. *See id.* Defendant Catskill Mountain Brewing Company ("Catskill") is a New York corporation and defendants Richard Rauch, Harry Rhulen, and John Borwick are residents of New York, Colorado, and Minnesota, respectively. *See id.* at ¶ 2.

Plaintiffs manufacture and sell equipment for the brewing of beer, and defendants own and operate a restaurant in New Paltz, New York. *See id.* at ¶ 5. Defendants produce beer in their restaurant using brewery equipment provided by plaintiffs. *See id.*

Defendants solicited plaintiffs' assistance in developing their restaurant and agreed to purchase equipment from plaintiffs for the preparation of beer. *See id.* at ¶ 6. Through an oral agreement, defendants agreed to purchase and plaintiffs agreed to provide brewery equipment with a fair market value of $150,000. *See id.* at ¶¶ 7, 11. Plaintiffs provided the equipment and defendants continue to use this equipment in their restaurant. *See id.* at ¶ 8. Plaintiffs claim that, despite their demands, "defendants have provided nothing of value for the purchase and use of the equipment provided by the Plaintiffs." *See id.* at ¶ 10.[2]

Plaintiffs allege three causes of action. Specifically, plaintiffs allege (1) "a total failure of consideration from the Defendants to the Plaintiffs for the purchase by the Defendants of the brewing equipment;" (2) unconscionability; and (3) a breach of the implied covenant of good faith. *See id.* at ¶¶ 12-17.

---

[2] As will be discussed below, plaintiffs' response to defendants' motion to dismiss makes clear that this statement is a misrepresentation.

## III. DISCUSSION

### A.       Standard of review

The Rule 12(c) standard for judgment on the pleadings is essentially the same as the standard that courts apply to a motion to dismiss under Rule 12(b)(6).  *See Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009) (quotation omitted).  The court must accept as true all of the factual allegations in the complaint, which is deemed to include any written instrument attached to the complaint as an exhibit, any materials incorporated into it by reference, and any other documents that are integral to it.  *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted).  Moreover, the court must draw all reasonable inferences from those factual allegations in the plaintiff's favor.  *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quotation omitted).

So read, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim to relief is plausible on its face "when the plaintiff pleads fact[s] . . . that allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

In general, a court may only consider the pleadings when ruling on a motion to dismiss. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996) (holding that, "[i]n considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b) (6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference" (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).  If a court considers materials outside of the pleadings, however, then it must convert the motion to dismiss or motion for judgment on the

pleadings to a motion for summary judgment.  *See Sahu v. Union Carbide Corp.*, 548 F.3d 59, 66 n.1 (2d Cir. 2008); *see also* Fed. R. Civ. P. 12(d) (providing that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion").

"[A] district court ordinarily must give notice to the parties before converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment and considering matters outside the pleading."  *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999) (citing *Kopec v. Coughlin*, 922 F.2d 152, 154-55 (2d Cir. 1991)).  "This is simply an application, however, of the principle that parties are entitled to a reasonable opportunity to present material pertinent to a summary judgment motion."  *Id.*  "Hence, '[c]ompliance . . . is not an end in itself.'"  *Id.* (quoting *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985), *cert. denied sub nom. M.J.M. Exhibitors, Inc. v. Stern*, 475 U.S. 1015, 106 S. Ct. 1195, 89 L. Ed. 2d 310 (1986)).  "'The essential inquiry is whether the [plaintiff] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of reasonable opportunity to meet facts outside the pleadings.'"  *Id.* (quotation omitted).

In the present matter, defendants filed an affidavit with their motion and plaintiffs filed their own affidavit with their response, confirming many of the facts set forth in defendants' memorandum of law and affidavit.  However, neither party filed a statement of material facts and no exhibits were relied on by the parties.  As the Court will discuss below, considering the confusion surrounding plaintiffs' claims, the Court will treat the present motion as a motion for judgment on the pleadings.

**B.      The breach of contract claim**

In their complaint, plaintiffs allege that defendants agreed to provide brewing equipment with a fair market value of $150,000, which defendants accepted but then "provided nothing of value for the purchase and use of the equipment provided by the Plaintiffs." *See* Dkt. No. 1 at ¶¶ 7-8, 10.  In their memorandum of law in opposition to defendants' motion, however, plaintiffs make clear that they were paid slightly more than half of the total purchase price of the equipment and seek to recover the balance due of $140,000.  *See* Dkt. No. 13 at 2.  Thereafter, plaintiffs make clear that, in lieu of being paid for the full value of the equipment when the agreement was first entered into in 1996 and 1997, plaintiffs agreed to accept an ownership interest in defendants' company and in addition to $160,000 payment.  *See id.* at 3.  Plaintiffs claim that they never received any stock certificates to evidence their interest in the company or dividend payments for their interest.  *See id.*  In 2008, plaintiffs assert that they rescinded their agreement to accept the shares for the balance of the money owed and asked defendants to pay them the outstanding balance of the sales price, to which defendants agreed.  *See id.*  Finally, plaintiffs claim that "[t]he defendants, by their representative Robert Rauch the managing director of the corporation agreed, but the defendants failed to perform this agreement."  *See id.*  Plaintiffs claim that their lawsuit stems from defendants breach of this 2008 oral agreement.  *See id.*

"Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a party's pleading 'shall be freely given when justice so requires.'"  *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (quoting Fed. R. Civ. Proc. 15).  "The Rule reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, . . . and 'mere technicalities' should not prevent cases from being decided on the merits. . . ."  *Id.* (internal citations omitted).

5

"Thus, absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." *Id.* (citation omitted).

While affidavits attached to the complaint may be considered on a motion to dismiss, *see Cortec v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), a complaint cannot be modified by a party's affidavit or by papers filed in response to a motion to dismiss, *see Wright v. Ernst & Young, LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (holding that a party may not allege new facts in statements made in response to a dispositive motion). A court need not construe a claim raised in response to a dispositive motion as a motion to amend where evidence suggested that the claim is the product of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility. *See Monahan*, 214 F.3d at 283.

In view of the confusion surrounding plaintiffs' claims, the early stage that the case is in, and the lack of prejudice to defendants, the Court will construe plaintiffs' assertions in their response as a motion to amend their complaint. Although it appears that a breach of contract claim stemming from the 1996-1997 oral contract would be barred by the applicable statute of limitations,[3] a claim based on an oral agreement entered into in 2008 would not.

---

[3] Although the parties' agreement apparently did not set forth a time at which the stock certificates were to be transferred to plaintiffs, defendants were required to comply with its obligations within a "reasonable time." *Nusca v. Fodera*, 129 A.D.2d 568, 569 (2d Dep't 1987) (holding that, "[s]ince the agreement did not specify the time at which the stock was to be transferred to the plaintiff, an agreement that performance would take place within a reasonable time was inferred" (citation omitted)); *see also City of N.Y. v. N.Y. Cent. R.R. Co.*, 275 N.Y. 287, 292-93 (1937) (holding that "[e]ven though a contract fixes no time for performance, if not void for uncertainty, an agreement is implied that the act shall be done within a reasonable time" (citations omitted)). In order for this claim to have been timely, the Court would have to find that this claim accrued in 2004, approximately seven years after plaintiffs performed their obligations under the contract.

Based on the foregoing, the Court denies defendants' motion for judgment on the pleadings without prejudice to renew.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that defendant's motion for judgment on the pleadings is **DENIED** without prejudice to renew; and the Court further

**ORDERS** that plaintiffs shall file an amended complaint, in compliance with the Local Rules, within **TWENTY (20) DAYS** of the date of this Memorandum-Decision and Order, providing "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**IT IS SO ORDERED.**

Dated: May 11, 2011
      Albany, New York

Mae A. D'Agostino
U.S. District Judge